Rochez-Torres v. Garland

BIA
Poczter, IJ
A206 629 195

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-one.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ELVIS ADONAY ROCHEZ-TORRES,
> *Petitioner*,

v.                                                    19-162
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:             H. Raymond Fasano, Esq.,
                            Youman, Madeo & Fasano, LLP,
                            New York, NY.

FOR RESPONDENT:             Brian M. Boynton, Acting
                            Assistant Attorney General;
                            Anthony P. NiCastro, Assistant
                            Director; Ilana J. Snyder, Trial

Attorney, Office of Immigration
Litigation, United States
Department of Justice, Washington,
DC.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review
is DENIED.

Petitioner Elvis Adonay Rochez-Torres, a native and
citizen of El Salvador, seeks review of a December 17, 2018
decision of the BIA affirming a November 14, 2017 decision of
an Immigration Judge ("IJ") denying asylum and withholding of
removal. *In re Elvis Adonay Rochez-Torres*, No. A206 629 195
(B.I.A. Dec. 17, 2018), *aff'g* No. A206 629 195 (Immig. Ct.
N.Y. City Nov. 14, 2017). We assume the parties' familiarity
with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions
"for the sake of completeness." *Wangchuck v. Dep't of
Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The
applicable standards of review are well established. *See*
8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195
(2d Cir. 2014).

An applicant for asylum and withholding of removal "must
establish that race, religion, nationality, membership in a

2

particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying one central reason standard to withholding of removal). The issue before us is whether Rochez-Torres established that rogue officers and gang members in El Salvador harmed him in the past and would target him in the future on account of an imputed anti-gang political opinion or membership in a social group of Salvadoran men who have witnessed collusion between the police and a gang. We find no error in the agency's conclusion that he did not.

To demonstrate that past or prospective persecution bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief[s]," rather than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d

3

Cir. 2020)(emphasis in original).

Rochez-Torres testified that gang members targeted him because they wanted him to remain quiet about their collusion with police, give them money, and join their ranks. But Rochez-Torres did not testify that the gang made any statements or took any actions from which the IJ could infer that the gang members believed he had an anti-gang opinion or targeted him on that account. Further, although he purportedly told gang members that he did not want to join a delinquent — i.e., criminal — group, gang members could have inferred from this statement that he was "risk averse[]" rather than anti-gang, particularly given that he complied with their other demands by declining to reveal the collusion he witnessed and complying with their demands for money whenever they confronted him in person. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Accordingly, the agency was not compelled to conclude that Rochez-Torres established that the rogue officers or gang members targeted him or would do so in the future on account of an imputed political opinion. *See id.; see also Yueqing Zhang*, 426 F.3d at 545; *Matter of S-E-G-*, 24 I. & N. Dec. 579, 589 (B.I.A. 2008) (finding no nexus when applicants "did not establish what

4

political opinion, if any, they held, and . . . provided no evidence, direct or circumstantial, that the MS-13 gang in El Salvador imputed, or would impute to them, an anti-gang political opinion.").

Rochez-Torres also asserted that he was or would be targeted for persecution on account of his membership in a particular social group. To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 196; *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–73 (2d Cir. 2007). We find no error in the agency's determination that Rochez-Torres's proposed group of Salvadoran men who have witnessed collusion between the police and gangs is not socially distinct within Salvadoran society.

"To have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (B.I.A. 2014).

5

Rochez-Torres argues that evidence that gangs in El Salvador have reportedly killed witnesses and victims to silence them shows that persecutors can easily identify witnesses and victims and thus the group of such individuals is socially distinct within society. Although "persecution can be the 'catalyst' for societal recognition," *Paloka*, 762 F.3d at 198 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 243), the fact that criminals can identify witnesses and victims of their crimes does not alone establish that the greater society perceives or recognizes witnesses or victims of crimes as a distinct group, *see Ucelo-Gomez*, 509 F.3d at 73 ("[I]t matters that the petitioners' self-definition as a social group for asylum purposes depends on no disadvantage other than purported visibility to criminals [because] [w]hen the harm visited upon members of the group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a particular social group." (internal quotation marks omitted)). Indeed, "[t]he perception of the applicant's persecutors may be relevant, because it can be indicative of whether society views the group as distinct[,] [but] the persecutors' perception is not itself enough to

6

make a group socially distinct, and persecutory conduct alone cannot define the group." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 242 (noting requirement that "the immutable characteristic of their shared past experience exist[] independent of the persecution"). Further, as the IJ noted, Rochez-Torres testified that he did not know of anybody else who had witnessed police and gang members committing a crime, thereby diminishing his assertion that such individuals comprise a distinct group in society and that he was targeted on account of his membership in such a group.

Alternatively, the agency reasonably concluded that, even if Rochez-Torres's social group is cognizable, he failed to demonstrate that his membership in that group was one central reason for the harm he suffered and fears because he testified that the rogue officers and gang members targeted him because they wanted to prevent the public from learning of their collusion, the gang attempted to recruit all young people to increase their membership, and the gang extorted him because it believed he had money. *See Ucelo-Gomez*, 509 F.3d at 73.

Because Rochez-Torres failed to establish a nexus between the harm he suffered and fears and a protected ground, the

agency did not err in denying asylum and withholding of removal.  See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court